# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| PEGGY ANGLE | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | Case No. 4:11cv352 |
| | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., et al. | § | |
| | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending is Plaintiff Peggy Angle's Motion to Remand (Dkt. 8). Plaintiff sued two diverse defendants and one Texas resident, a law firm, alleging a number of irregularities relating to a wrongful foreclosure. The diverse defendants removed the case contending that the non-diverse defendant, Barrett Burke Wilson Castle Daffin & Frappier L.L.P, was fraudulently joined.

To establish that a non-diverse defendant has been improperly joined, the removing party must prove: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007). Since no allegations are raised as to the first prong, the Court must focus on the second prong. The test established for this prong is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently, means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568,

1

573 (5th Cir. 2004). In making this determination, the district court must resolve any contested issues of material fact and any uncertainties in the controlling state law in plaintiff's favor. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999).

The issue here is whether Plaintiff's Original Petition sufficiently alleges facts supporting an independent cause of action against the law firm, such that diversity jurisdiction is defeated. In Texas, an agent may be liable for his or her own torts. *See Kingston v. Helm,* 82 S.W.3d 755 (Tex. App. – Corpus Christi 2002, pet. denied). Plaintiff alleges that the firm (through Porter) is liable for negligent misrepresentation and false representations. Plaintiff contends that Porter, as the affiant, did not review records; that employees of the firm forged Porter's signature; and that persons who were notaries did not witness actual signatures. The sum and substance of the allegations as to the law firm are that, when Porter submitted the affidavit to support the foreclosure, he either failed to exercise reasonable diligence or participated in outright fraud in securing the foreclosure. The elements of negligent misrepresentation are: (a) defendant provides information in the course of his business, or in a transaction in which he has a pecuniary interest; (b) the information supplied is false; (c) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (d) the plaintiff justifiably relies on the information; and (e) the plaintiff suffers damages proximately caused by the reliance. *See Steptoe v. Merrill True,* 38 S.W.3d 213 (Tex. App.– Houston [14th Dist.] 2001, no pet.); *Federal Land Bank Ass'n v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991). Unlike common law fraud, negligent misrepresentation does not require knowledge of the falsity or reckless disregard of the truth or falsity of the representation at the time it was made. *See Milestone Prop., Inc., v. Federated Metals Corp.,* 867 S.W.2d 113, 119

(Tex. App. – Austin 1993, no writ). Plaintiff also sues the law firm for deceptive debt collection practices and fraud by non disclosure. However, the Court can find no specific reference to the law firm as to how it violated the Texas Debt Collection Act.

Defendants state that none of Plaintiff's causes of action name the law firm as a defendant. A reading of the petition demonstrates that the firm, through Porter, is named. Defendants also argue that Porter was merely acting as Defendant's agent. Other courts have routinely held that under similar circumstances there is fraudulent joinder. In considering a motion to remand a removed action, a court is to resolve material issues of fact in the plaintiff's favor. 28 U.S.C. § 1441(b). Most of Plaintiff's allegations as to the law firm center on irregularities in the foreclosure proceeding.

As to negligent misrepresentation, Plaintiff alleges that false representations were made to her and that she relied on the representations. However, no communications were made by Porter to Plaintiff. It is not clear how Plaintiff could rely on a foreclosure irregularity. The fact that the attorney was negligent or sloppy in how the foreclosure was handled does not mean that any representations were made to Plaintiff, nor is there any demonstration on how she relied on any representations made in the proceeding. As to the Fraud by Non-Disclosure claim, Plaintiff appears to argue that Defendants are liable because they did not inform her that the original note and deed of trust were lost. Section 3.309 of the Texas Business and Commerce Code provides that a copy of a note under certain conditions may serve to enforce the rights and obligations of the parties. *See* Tex. Bus. & Com. Code § 3.309. In any event, any conduct by Porter would have been as an attorney or agent for the other Defendants in accomplishing the foreclosure. Plaintiff's main complaint is with the "chain of custody" of the note.

To establish fraud, a claimant must prove: (1) that a material representation was made; (2) that the representation was false; (3) that, when the speaker made the representation, he knew it was false or made it recklessly without knowledge of the truth as a positive assertion; (4) that the speaker made it with the intention that it should be acted upon by the claimant; (5) that the claimant acted in reliance upon it; and (6) that the claimant thereby suffered injury. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 524 (Tex. 1998). As with negligent misrepresentation, there is simply no allegation as to what representations were made by Porter to the Plaintiff and how she relied on those representations.

As to Slander of Credit, Plaintiff alleges that the actions or inactions of Defendants have impaired their (sic) credit causing them (sic) to lose the ability to have a good credit, entitling them (sic) to damages. For a private individual to maintain a defamation claim, she must show that the defendant published a defamatory statement about her with negligence regarding the truth of the statement. *Blanche v. First Nationwide Mortg. Corp.,* 74 S.W.3d 444, 456 (Tex. App. – Dallas 2002, no pet.) (citing *WFAA–TV, Inc. v. McLemore,* 978 S.W.2d 942, 949 (Tex. 1998)). The pleading is, at best, vague and conclusory and does not identify the particular defamatory statement Porter allegedly made concerning Plaintiff.

As to the claim of Intentional Infliction of Emotional Distress, Plaintiff does not specify what particular actions of Porter caused her distress. To prevail on a claim for intentional infliction of emotional distress, a plaintiff must establish that (1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused her emotional distress; and (4) the emotional distress was severe. *Kroger Tex. Ltd. P'ship v. Suberu,* 216 S.W.3d 788, 796 (Tex. 2006); *Tiller v. McLure,* 121 S.W.3d 709, 713 (Tex. 2003) (per curiam). An action that is intentional,

malicious, or even criminal does not, standing alone, mean that it is extreme or outrageous for purposes of intentional infliction of emotional distress. *Brewerton v. Dalrymple,* 997 S.W.2d 212, 215–16 (Tex. 1999). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 216. It is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. *Id.* Conduct associated with asserting a legal right, such as bringing a lawsuit, cannot be extreme and outrageous. *See Klein & Assocs. Political Relations v. Port Arthur Indep. Sch. Dist.,* 92 S.W.3d 889, 898 (Tex. App. – Beaumont 2002, pet. denied) (holding that, as a matter of law, school district's lawsuit did not constitute extreme and outrageous conduct sufficient to support a cause of action for intentional infliction of emotional distress even though suit had no merit); *Wornick Co. v. Casas*, 856 S.W.2d 732, 735 (Tex. 1993) (defendant's exercise of its legal right to terminate at-will employee cannot constitute outrageous conduct as a matter of law).

## RECOMMENDATION

Based upon the foregoing, the Court finds that the non-diverse defendant, Barrett Burke Wilson Castle Daffin & Frappier L.L.P, was fraudulently joined and RECOMMENDS that Plaintiff's Motion to Remand (Dkt. 8) be DENIED.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review

of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 267-77 (5th Cir. 1988).

**SIGNED this 19th day of September, 2011.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE