IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PEGGY ANGLE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11cv352 |
| | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., et al. | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Certain Defendants' Motion to Dismiss (Dkt. 11). As set forth below, the Court finds that the motion should be GRANTED.

On May 11, 2011, Plaintiff filed a lawsuit in the 211th District Court of Denton County against Defendants Mortgage Electronic Registration Systems, Inc. (sued as "Mortgage Electronic Registration Systems, Inc. As Nominee For Lender And Lender's Successors And Assigns") ("MERS") and BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BAC"), Barrett Burke Wilson Castle Daffin & Frappier L.L.P. and "John Doe 1-100." Plaintiff's suit arises out of the issuance a Note, secured by a Deed of Trust given for property in Frisco, Texas, executed on July 25, 2007. Plaintiff seeks to void the Deed of Trust by arguing that MERS could not assign the Deed of Trust and that MERS and any subsequent holder of the Deed of Trust does not have a right to enforce it. Based on these allegations, Plaintiff asserts the following claims: (1) Deed of Trust is Void, (2) Promissory Note Not Created or Transferred According to Texas State

1

Law, (3) Breach of Contract for Unauthorized Substitution of Trustee, (4) Violation of Pool and Servicing Agreements, (5) Texas Debt Collection Practices Act, (6) Slander of Credit, (7) Infliction of Emotional Distress, (8) Negligent Misrepresentation, (9) Fraud by Nondisclosure, (10) Accounting/Declaratory Judgment, and (11) Suit to Quiet Title and Trespass to Try Title. *See* Dkt. 5.[1]

Defendants removed the case to this Court on September 19, 2011, arguing fraudulent joinder of a nondiverse Defendant. Plaintiff filed a motion for remand, and, on September 19, 2011, this Court recommended that the motion be denied (*see* Dkt. 12).

While the motion for remand was pending, on August 8, 2011, Defendants MERS and BAC filed their motion to dismiss for failure to state a claim. Citing applicable authorities, Defendants argue that this Court should dismiss each of Plaintiffs' claims because they are based upon the erroneous theory that MERS could not be the beneficiary on the Deed of Trust at issue and could not lawfully assign its interest in the loan to BAC. Defendants further argue that: (1) Plaintiff fails to state a claim for breach of contract; (2) Plaintiff lacks standing to assert a claim for breach of a pooling and servicing agreement because she is not a party to the agreement; (3) Plaintiff's claim under the Texas Debt Collection Act ("TDCA") fails because she has not adequately stated a misrepresentation; (4) Plaintiff's slander of credit claim fails because it is preempted by federal law; (5) Plaintiff's claim for infliction of emotional distress fails and must be dismissed; (6) Plaintiff has not adequately plead a claim for fraud; (7) Plaintiff is not entitled to an accounting or declaratory

---

[1]Since removal, Plaintiff has amended her complaint but her asserted causes of action remain the same. *See* Dkt. 10.

relief; and (8) Plaintiff has not sufficiently stated a claim for quiet title and trespass to title. Plaintiff did not timely file a response in opposition to Defendants' motion.

On September 23, 2011, this Court entered an order indicating that no response has been filed to Defendant's Motion to Dismiss (Dkt. 14) and that if no response was filed on or before October 7, 2011, the Court would assume Plaintiff was not opposed to the relief requested and proceed accordingly. Such a practice is in accordance with Local Rule CV-7(d) which provides that if "a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." E.D. TEX. L. R. CV-7(d). More than three months later, Plaintiff has still not filed a response to the motion or otherwise amended her complaint to address the deficiencies raised by the motion.

The Court has reviewed Defendants' arguments and finds that they are well-founded and supported by applicable authority. Therefore, having reviewed Defendant's motion and finding that it raises meritorious grounds for dismissal and having considered Plaintiff's lack of written response to argue anything to the contrary, the Court recommends that Certain Defendants' Motion to Dismiss (Dkt. 11) be GRANTED and the claims against Defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BAC") and Mortgage Electronic Registration Systems, Inc. (improperly sued as "Mortgage Electronic Registration Systems, Inc. As Nominee For lender And Lender's Successors And Assigns") ("MERS") be dismissed for failure to state a claim. The Court further recommends that Plaintiff's claims against any unserved Defendants be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m), that final judgment be entered for Defendants, and that Plaintiff take nothing

by any of her claims here.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 26th day of January, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE